UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#20 (8/12 hrg off)

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** The Court GRANTS in part and DENIES in part Defendants' motion to dismiss

Before the Court is Defendants Two Unoil, LLC and Rapid Gas, Inc.'s ("Defendants") motion to dismiss. *See* Dkt. # 20 ("*Mot.*"). Plaintiff Rafael Arroyo, Jr. ("Plaintiff") opposes the motion, *see* Dkt. # 25 ("*Opp.*"), and Defendants replied, *see* Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **GRANTS** in part and **DENIES** in part the motion.

I.      Background

Plaintiff is a paraplegic who uses a wheelchair for mobility. *Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 1. In March 2019, Plaintiff visited a 76 gas station ("Gas Station") located in Long Beach, California. *Id.* ¶ 10. Defendant Rapid Gas, Inc. owns the Gas Station, and Defendant Two Unoil, LLC owns the real property where the Gas Station is located. *Id.* ¶¶ 2–5. Plaintiff alleges that he personally encountered a barrier at the Gas Station—namely, a lack of accessible paths of travel—that denied him full and equal access to the store. *See id.* ¶¶ 14–16. He further alleges that he intends to return to the Gas Station but is deterred from doing so because of the existing barrier and "the existence of yet other barriers on the site." *Id.* ¶ 20.

On April 10, 2019, Plaintiff filed suit in this Court, requesting injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and injunctive relief and monetary damages under California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51–53. *See generally id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

Defendants now move to dismiss the complaint on the basis that Plaintiff lacks standing to sue concerning the Gas Station's alleged barriers. *See generally Mot.* Alternatively, they ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

II. Legal Standard

    A.    Standing

A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The "irreducible constitutional minimum" of Article III standing has three elements: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). The plaintiff, as the party invoking federal jurisdiction, has the burden of establishing these elements. *See id.* at 561. Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

    B.    Supplemental Jurisdiction

In an action over which a district court possesses original jurisdiction, it has "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, a district court has the discretion to decline to exercise supplemental jurisdiction if:

    (1)    the claim raises a novel or complex issue of State law,

    (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3)    the district court has dismissed all claims over which it has original jurisdiction, or

    (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

*Id.* § 1367(c). The Supreme Court has explained that justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants[.]" *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under any of the first three provisions" of 28 U.S.C. § 1367(c). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). However, when the district court declines supplemental jurisdiction under the fourth "exceptional circumstances" provision, it must "articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.*

III. Discussion

Defendants contend that Plaintiff's complaint should be dismissed because he failed to allege Article III standing. They also ask the Court to decline to exercise supplemental jurisdiction over the Unruh Act claim. The Court addresses each argument in turn.

    A. Standing

For Plaintiff to demonstrate that he has standing to sue, he must show that he suffered an injury-in-fact, that the injury is traceable to Defendants' actions, and that the injury can be redressed by a favorable decision by the court. *See Lujan*, 504 U.S. at 560–61. In order to pursue injunctive relief, as Plaintiff seeks under the ADA, he must also demonstrate a "real and imminent threat of repeated injury" in the future. *See Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

Defendants assert that the complaint does not adequately allege the existence of an injury-in fact because (1) it "does not connect the alleged violations to Plaintiff's disability," *Mot.* 4:15–18, and (2) it does not adequately allege Plaintiff's intent to return to the Gas Station, *id.* 6:21–7:12. Neither argument is persuasive.

First, the complaint alleges that Plaintiff uses a wheelchair for mobility and that the Gas Station did not provide accessible paths of travel that conform with the ADA standards. *Compl.* ¶¶ 1, 14. Although the complaint claims that the details of the violations "will be fleshed out in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

discovery and inspections," it nonetheless gives a particular example—"there was no safe wheelchair accessible route of travel from the boundary of the site to the entrance of the Gas Station store."[1] *Id.* ¶ 13 n.1. Contrary to Defendants' assertion that the complaint fails to "connect" the alleged violations to Plaintiff's disability, the Court finds that these allegations are enough to lead to a plausible inference that Plaintiff was denied "full and equal" access to the Gas Station. Given that Plaintiff is wheelchair-bound, an allegation that there was no safe wheelchair accessible route to get to the Gas Station demonstrates that he encountered a barrier that is directly related to his disability.

Plaintiff's reference to *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011) is distinguishable. In that case, the Ninth Circuit concluded that merely attaching a list of barriers known to the plaintiff "[could] not substitute for the factual allegations required in the complaint" to establish an injury-in-fact. *Id.* at 954–55. Here, although Plaintiff's allegations are scant, they at least identify the specific barrier he personally encountered and allow a plausible inference that the barrier was related to his disability.

Defendants' assertion that the complaint does not adequately allege Plaintiff's intent to return is also rejected. At the motion to dismiss stage, the Court takes all factual allegations as true. The complaint alleges that "Plaintiff will return to the Gas Station to avail himself of goods or services and to determine compliance with the disability access laws once it is represented to him that the Gas Station and its facilities are accessible." *Compl.* ¶ 20. It also alleges that "Plaintiff is currently deterred from doing so" because of the existing barriers. As the Ninth Circuit explained, "[a]llegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent." *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008).

Defendants, relying on *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008), argue that the complaint fails to sufficiently allege an intent to return because it is silent as to Plaintiff's current residence, distance from Plaintiff's residence to the Gas Station, any previous visit(s) to the Gas Station, or any connection to the geographic area. *Mot.* 6:21–28. They claim that the lack of these particular allegations is fatal to establishing Plaintiff's standing, because without them, one cannot ascertain whether Plaintiff's intent to return is sincere. *See id.*

---

[1] Curiously, Plaintiff's opposition brief refers to a lack of accessible parking space, but his complaint does not mention parking spaces. *See Opp.* 8:9–15. The Court adheres to the allegations in the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

6:8–7:12. Yet *D'Lil* is inapposite here, because in that case, the Ninth Circuit evaluated the plaintiff's intent to return to the defendant's business based on evidence submitted as part of a summary judgment motion. *See* 538 F.3d at 1038. Plaintiff is not required to provide such proof at the pleading stage.

In sum, the Court concludes that Plaintiff has adequately pleaded standing. As such, Defendants' motion to dismiss the first cause of action for violation of the ADA is **DENIED**.

      B.     <u>Supplemental Jurisdiction</u>

Defendants next ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claim because (1) the Unruh Act claim substantially predominates over the ADA claim and (2) Plaintiff has filed his claims in federal court as an "end-around" California's heightened pleading requirements for disability discrimination suits.

Defendants first argues that the Court should decline to exercise supplemental jurisdiction because the monetary damages sought by Plaintiff under the Unruh Act substantially predominate over the federal claim for injunctive relief. *Mot.* 14:16–18. The Court notes that whether a state law claim predominates is not a simple exercise of comparing the amount of damages, as Defendants appear to suggest. *See Gibbs*, 383 U.S. at 726 (explaining that state laws can "substantially predominate . . . in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."). And even if the Court were to engage in this analysis, the Court has no basis for determining how much each claim is worth based on the allegations in the complaint alone.

Instead, the Court is more persuaded by Defendants' contention that it should decline supplemental jurisdiction as a matter of comity, given California's interest in discouraging unverified disability discrimination claims, as reflected by recent legislation. *See Mot.* 15:5–15.

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Velez v. Il Fornaio (Am.) Corp.*, No. CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018). These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Under these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

requirements, the plaintiff must include in the complaint specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California law also requires the plaintiff to verify the complaint; a complaint that is not verified is subject to a motion to strike. *Id.* § 425.50(b)(1).

When California continued to experience large numbers of these actions, the state legislature imposed additional limitations on "high-frequency litigants." A "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleged a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

*Id.* § 425.55(b)(1). The definition of a high-frequency litigant also extends to attorneys. *Id.* § 425.55(b)(2).

Here, although Plaintiff had filed only six ADA complaints within the twelve-month period immediately preceding his filing of the current complaint on April 10, 2019, as of the writing of this order, Plaintiff has filed more than eighty other ADA cases. In addition, each of Plaintiff's attorneys-of-record have filed hundreds, if not thousands, of ADA cases within the twelve-month period preceding the filing of this complaint. Therefore, the Court finds that Plaintiff and his counsel comfortably fit within the definition of a "high-frequency litigant."

In support of its imposition of additional limitations on high-frequency litigants, the California Legislature observed that "a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state" and that "these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation." *Id.* § 425.55(a)(2). In order to address these "special and unique circumstances," *id.* § 425.55(a)(3), California imposed a "high-frequency litigant fee," requiring high-frequency litigants to pay a $1,000 filing fee to file a complaint, in addition to the standard filing fees, Cal. Gov't Code § 70616.5. California also requires complaints filed by high-frequency litigants to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims filed by the high-frequency litigant in the preceding twelve months, the high-frequency litigant plaintiff's reason for being in the geographic area of the defendant's business, and the reason why the high-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

frequency litigant plaintiff desired to access the defendant's business.  *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A).

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent these restrictions simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when combined with an ADA claim for injunctive relief.  The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions in its state courts.  According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, constituting 3 percent of the civil actions filed.  Filings of ADA cases increased from 928 (7 percent of civil cases) in 2014, the year before the imposition of the extra $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10 percent of civil cases) in 2016, the first full year of those requirements.  The number and percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants, reaching 1,670 (12 percent of civil cases) in 2017, 2,720 (18 percent of civil cases) in 2018, and 1,868 cases (24 percent of civil cases) in the first six months of 2019.

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act.  By filing in federal court, Plaintiff has evaded these limits and sought a forum in which he can claim these state law damages in a manner inconsistent with the state law's requirements.  This situation, and the burden the ever-increasing number of such cases poses to the federal courts, present "exceptional circumstances" and "compelling reasons" that justify exercising the Court's discretion to decline supplemental jurisdiction over plaintiff's Unruh Act claim in this action under 28 U.S.C. § 1367(c)(4).

Consideration of the *Gibbs* factors—values of judicial economy, convenience, fairness, and comity—also supports declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under these circumstances.  Given Plaintiff's attempt to use federal court as an "end-around" California's requirements, considerations of comity weigh in favor of declining supplemental jurisdiction.  Although the Court recognizes that it would be more convenient and efficient for the ADA claim and the state law claim based on the same ADA violations to be litigated in one suit, in the Court's view, these issues are not so dire to overcome "California's strong interest in interpreting and enforcing its own rules without federal courts serving as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2769 PSG (JEMx) | Date | August 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. Two Unoil, LLC, et al. | | |

convenient end-around for creative litigants." *See Schutza v. Alessio Leasing, Inc. (Alessio Leasing)*, No. CV 18-2154 LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019). Finally, the Court's decision not to countenance Plaintiff's attempt to circumvent the aims of the California Legislature hardly appears unfair to Plaintiff.

Plaintiff argues that he has filed in federal court not to evade California's restrictions, but because of the quality of the judges and their legal rulings, the ease of the ECF system for filing, and the prevalence of federal ADA decisional authority. *See Opp.* 12:12–19. Nevertheless, the Court finds that such arguments are unpersuasive and belied by the recent nature of the dramatic increase in the filing of such cases in federal court. Indeed, those reasons, if true at all, do not explain why nearly nine times more construction-related accessibility actions are being filed in the Central District in 2019 than were filed in 2013. Further, Plaintiff's insistence that the quality of the judges and the legal rulings is higher in federal court "flies in the face of our judicial system's equal respect for state and federal courts." *Alessio Leasing*, 2019 WL 1546950, at *3. And while the convenience of the ECF system and prevalence of ADA opinions "may be creature comforts that make filing in federal court more enticing, . . . they hardly outweigh the disservice that is done to California's efforts to implement and interpret its own law when federal courts exercise supplemental jurisdiction over these claims." *Id.*, at *3.

In conclusion, the Court finds that under these "exceptional circumstances," there are "compelling reasons" to warrant declining supplemental jurisdiction over Plaintiff's state law claim. As such, his second cause of action for violation of California's Unruh Civil Rights is **DISMISSED** without prejudice.

IV. <u>Conclusion</u>

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part. The motion is **DENIED** as to Plaintiff's first cause of action for violation of the ADA. However, the Court declines to assert supplemental jurisdiction over his state law claim. Plaintiff's second cause of action for violation of the Unruh Act is therefore **DISMISSED** without prejudice.

**IT IS SO ORDERED.**